MARÍA TERESA QUIJANO ROMÁN, abogada y notario, peticionaria.

*Número:* 4024     *Resuelto:* 20 de enero de 1977

*María Teresa Quijano Román, pro se; Govén D. Martínez Surís, Director de Inspección de Protocolos,* interventor.

### RESOLUCIÓN

La notario peticionaria nos solicita autorización para trasladar sus protocolos notariales de su antigua oficina en el edificio Chase Manhattan Bank en Hato Rey al edificio Miranda,

Calle Baldorioty de Castro Núm. 703, también en Hato Rey, donde actualmente trabaja. El Director de Inspección de Protocolos fue oportunamente notificado de la petición y ha comparecido para ofrecernos sus comentarios.

El Art. 33 de la Ley Notarial, 4 L.P.R.A. sec. 1033, dispone como sigue:

"El protocolo no podrá ser extraído del edificio en que se custodie, a no ser por decreto judicial o por disposición de ley, debiendo ser en todo caso presentado al tribunal que lo requiera, por el notario bajo cuya custodia se halle."

Hasta que se aprobó la Ley Núm. 19 de 30 de marzo de 1976, los notarios venían obligados, en obediencia al Art. 26 de la Ley Notarial, 4 L.P.R.A. sec. 1026, a notificar sus índices notariales semanales al Tribunal Superior, sala correspondiente a su notaría. En armonía con dicha disposición los notarios se dirigían al Tribunal Superior para obtener la autorización que para el traslado de sus protocolos requiere el citado Art. 33. Al enmendarse por la expresada Ley Núm. 19 de 1976 el Art. 26, y disponerse que en adelante los índices notariales se notifiquen al Director de Inspección de Protocolos, forzoso es concluir que se ha quitado al Tribunal Superior toda ingerencia en la supervisión de los notarios. Esto está en armonía con el propósito expresado en la exposición de motivos de dicha ley de relevar a los tribunales de justicia de tareas que son extrañas a la función judicial y que han impuesto sobre estos en el pasado una sobrecarga en el trabajo que realizan.[1] Aunque el Art. 33 de la Ley Notarial no fue expresamente tocado por la Ley Núm. 19, sus efectos deben considerarse subordinados al propósito general de dicha ley. Interpretar dicha disposición para requerir que el Tribunal

---

[1] La citada Ley Núm. 19 dispuso además, mediante enmiendas al comentado Art. 26 de la Ley Notarial y a la ley que creó el Registro de Poderes—Núm. 62 de 8 de mayo de 1937—que las notificaciones sobre otorgamientos de escrituras de testamentos y poderes, que se hacían al Secretario del Tribunal Supremo, se hagan a partir de su aprobación al Director de Inspección de Protocolos.

Superior siga siendo quien autorice el traslado de los protocolos notariales, o que dicha función pase al Tribunal Supremo, haría ineficaz el propósito enunciado de aliviar la sobrecarga de ambos tribunales con asuntos que no son típicos de la función estrictamente judicial. La citada Ley Núm. 19 provee la salida para la aparente encrucijada del Art. 33 al disponer, por enmienda al último párrafo del Art. 38 de la Ley Notarial, 4 L.P.R.A. sec. 1038, lo siguiente:

"Tanto el Tribunal Supremo como el Juez Presidente podrán delegar en el Director de Inspección de Protocolos cualesquiera funciones relacionadas con la supervisión de los notarios y el ejercicio del notariado que estimen conveniente, con la excepción de la facultad de imponer sanciones disciplinarias."

En uso de esta facultad, resolvemos y disponemos que en adelante sea el Director de Inspección de Protocolos quien en primera instancia resuelva sobre traslados de protocolos notariales y será a dicho funcionario a quien los notarios deberán dirigirse para obtener la autorización exigida por el Art. 33 de la Ley Notarial. Queda hecha reserva de nuestra facultad de revisar, en casos apropiados, cualquier decisión del Director de Inspección de Protocolos.

Refiérase la petición de epígrafe al Director de Inspección de Protocolos para que resuelva sobre la misma de conformidad con lo aquí expresado.

Lo acordó el Tribunal y certifica el Secretario.

(Fdo.) Ernesto L. Chiesa

*Secretario*